# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| ALAN D. LAMBERT, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:03cv00059 |
| | ) | |
| | ) | **OPINION** |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | By:   PAMELA MEADE SARGENT |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on Motion To Reconsider The Court's Order Entered Herein On April 5, 2005 And Obtain Approval Of A Fee For Representing A Claimant Before The United States District Court, ("Motion to Reconsider") (Docket Item No. 24.) Based on the reasoning set out below, the Motion to Reconsider will be granted.

Alan D. Lambert filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), and Supplemental Security Income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423 and 1381 *et seq.* (West 2003). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner answered the suit, filing the administrative record. By order entered May 10, 2004, the court remanded the case to the Commissioner pursuant to "sentence six" of 42 U.S.C. §405(g) for consideration of additional evidence. Subsequent to remand, Lambert's counsel

-1-

requested and was awarded $5,300.00 in fees and costs pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (West 1994 & Supp. 2004). Also subsequent to remand, the Commissioner found that Lambert was disabled and awarded benefits. Lambert's attorney filed a petition seeking approval of a fee of $1,466.75 for representing Lambert in this court. The Commissioner responded that she did not object to the fee request. (Docket Item No. 20.) By order dated January 20, 2005, this court denied Lambert's fee petition because the Notice of Award for Lambert's DIB benefits attached thereto was dated April 17, 2004. The court found that the DIB award upon which counsel sought a fee in the case could not be the same claim which the court remanded on May 10, 2004. Thus, the court concluded that it had no evidence before it that there had been an administrative award of benefits on the claims remanded by the court, further concluding that an award of benefits was not appropriate at that time. *See Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967) (court may award fee for work done before it on a DIB claim that was remanded, if, on remand, benefits are awarded on the claim).

Lambert then filed another motion for an attorney's fee and an amended motion for an attorney's fee. (Docket Item Nos. 19, 20.) Again, the Commissioner responded that she did not object to the fee request. (Docket Item No. 21.) By order entered April 5, 2005, this court denied these motions because counsel failed to provide the court with the Award Letter from the Social Security Administration or the required sworn itemized statement of his time expended in pursuing Lambert's claim in this court. (Docket Item No. 23.)

Thereafter, counsel filed with the court the Motion to Reconsider along with the

appropriate documentation. By Award Letter, dated December 5, 2004, the Social Security Administration informed Lambert that he would receive backpay and that it had withheld $6,766.75, or 25 percent, from his past due benefits to pay any claimed attorney's fee.

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In this case, Lambert's counsel has provided the court with a fee agreement showing that Lambert agreed to the payment of a minimum fee of $750.00 and up to, but not to exceed, one-fourth of any backpay awarded, whichever is greater. The Award Letter states that the Social Security Administration withheld $6,766.75, or 25 percent of the past due benefits, to pay Lambert's attorney's fee.

In such a case, the court must give the contingency fee agreement a significant amount of weight, but, nonetheless, must independently assess the reasonableness of

-3-

its terms. *See Gisbrecht*, 535 U.S. at 808-09. Courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 802 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee [payable by the loser] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Lambert's counsel has supplied evidence that shows that counsel spent a total of 10.75 hours in representing Lambert in this court. The time expended appears reasonable, and I note that the Commissioner has not objected to the amount of time claimed. Also, counsel requests a total fee of $1,466.75, which, if paid for 10.75 hours of work, would result in a payment of approximately $136.45 per hour. I also note that the Commissioner has not objected to the amount of the requested fee. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits; nor do I find that the benefits awarded were great in comparison to the hours expended by counsel. Thus, taking into account all of the relevant factors, I find that a fee of $1,466.75 is reasonable.

For the foregoing reasons, the Motion to Reconsider will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $1,466.75.

Furthermore, an award of fees under 42 U.S.C. § 406(b)(1)(A) is deducted from the claimant's disability benefits, whereas an EAJA award is paid separately by the government. Where attorneys' fees are awarded under both provisions, as they have been in this case, the EAJA compensation serves as a reimbursement to the claimant for fees paid out of the disability award. In such a case an attorney is not allowed a double recovery in that the attorney must refund the amount of the smaller fee to the claimant. *See Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 1985 U.S.C.C.A.N. (99 Stat.) 186). Therefore, this court will further order that Lambert's attorney must refund the smaller of the two fees to Lambert.

DATED: April 28, 2005.

/s/ Pamela Meade Sargent
UNITED STATES MAGISTRATE JUDGE